WRIGHT, J.
The witness is substantially a party to the record and liable for costs. The defendant’s counsel admits that if the witness had been called on the part of the plaintiff, he could object his interest. The interest is direct; the verdict could be used either for or against him. The defendant cannot compel the witness to testify, though if he waive the objection, and call him, he may testify if he please. Ruled out.
*The defence then offered the proceedings of the auditor [767 with a deed to make out a tax title. TKe land was described in these proceedings as one hundred and fifty-eight acres in r. 22, t. 5, sec. 12 and 17, north half.
Objected to as insufficient description.
WRIGHT, J. The evidence is offered under the act of Congress of 1801 (Swan’s L. Laws, 68.) That act only authorized the subdivision into half sections of three hundred and twenty acres, the fractional townships in the 16th, 17th, 18th, 19th, 20th, 21st, 22d ranges. The description here is the north half of sec. 12 and 17, in the 5 t. and 22 r. We may notice the township to be a fractional one, and one that might be subdivided, but can we take judicial notice that it has been divided, and how? We think not. The description of the land, as part of sec. 12 and 17, is too vague and *796 uncertain to pass any title — there would not probably be such a number as 12 and 17, or 12 in 17. We cannot tell which section is meant. The evidence is ruled out.
O. Parish now moved for a new trial for alleged error in ruling out the auditor’s proceedings.
The land is described on the auditor’s books and maps in the same way, and the sections are numbered up to 40. The only evidence by the plaintiff was the patent to Cazoue, and the tax proceedings showed the title in him.
H. Stanberry, contra,
cited Swan’s L. Laws, 35, 68.
Verdict for defendant.
WRIGHT, J. The plaintiff relied on the demises of Cazoue and Stanberry. Cazoue’s patent was for three hundred and sixteen acres and twenty-four perches, being half-section No 17 "west, in township No. 5, and r. 22, of the refugee lands. The defendant sought to make title to one hundred and fifty-eight acres under a tax sale, and offered the auditor’s deed and record. The record showed the land advertised by the following description:
“Poswold Wilcox, ranged, township 5; section 12, half-section 17, one hundred and fifty-eight acres,” and was so sold. This evidence was ruled out as too vague to convey title to any particular land, though not then accurately presented to the court. The question now is, was the evidence properly ruled out by the court?
The act of Congress of 1795 (Swan’s L. L. 35) provided for the survey of lands into townships and the subdivision of the alternate townships into sections of a mile square, or six hundred and forty acres, and for the designation of the sections by progressive numbers, beginning on number one at the northeast section in the township, and progressingregularly west and east alternately across 768] *the township. The whole number of sections in each full township would be thirty-six. There was no evidence that township 5 in the 22d range was one of those divided into sections, but if it was, we are without evidence that the township was entire and contained sec. 12. The act of Feb. 1801, directs the sub-division of the fractional townships in range 22, into half-sections of three hundred and twenty acres, and that a plat of the same be returned to the secretary of the treasury. There is no evidence that this was done, except the description in the patent to Cazoue, for half-section 17. How it was subdivided, does not appear. The defendant insists that the defect, if any, affects the plaintiff’s title as well *797 as the defendant’s. That would be true if it were not for the fact that the defendants admitted themselves in possession of the land described in the patent. Without that admission the plaintiff would have been compelled to prove the land covered by his patent, possessed by the defendant, which would have included the subdivision, numbers, &c. Cazoue’s tract was already entered for taxation as r. 22, t. 5, half-section 17 until 1828, when the description was changed to r. 22, t. 5, sec. 12 half-section 17. The patent description is half-section 17 west, which most probably conforms to the law, if run into the sections first, and subdivided 'into halves by central lines north and south; and leads to the impression that the halves retained the number of the section, and were designated as east or west of the division line. The auditor’s description in the sale is half-section 17 in section 12, and rejects the original numbering of the section, and supposes another progressive numbering of the half-sections. This we cannot presume without proof, and none is offered. If the township was so numbered, the land office furnishes the evidence of it, and the fact can be shown — what evidence we have, the patent, the early entries for taxation, are opposed to the defendant’s presumption. But if the half-section were identified, certainty would not still be attained to. One hundred and fifty-eight acres in sec. 17, of three hundred and sixteen acres and tvientyfour yoles. What part of the tract does the one hundred and fifty-eight acres lie in? No one can tell, and therefore it is insufficient: 5 O. 458; 3 O. 569; 2 O. 287; 4 Pet. 350.
Motion overruled.